IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVONE U. ANDERSON, | : | Civil No. 3:25-cv-01584 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| | : | THIS IS A CAPITAL CASE |
| LAUREL R. HARRY, *et al.*, | : | |
| Respondents | : | |

## ORDER

Presently before the Court is Petitioner Davone Anderson's motion for leave to proceed *in forma pauperis* and for appointment of federal habeas corpus counsel. (Doc. 1.)

Petitioner is a state prisoner who has been sentenced to death following his May 9, 2022, convictions of two counts of first-degree murder and related charges in the Court of Common Pleas of Cumberland County, Pennsylvania. The Pennsylvania Supreme Court affirmed Petitioner's convictions and death sentence on September 26, 2024, and denied re-argument on November 22, 2024. *Commonwealth v. Anderson*, 323 A.3d 744, 748 (Pa. 2024), *rearg. denied*, No. 801 Cap. App. Dkt. (PA. Nov. 22, 2024). The United States Supreme Court denied Petitioner's timely petition for writ of certiorari on June 23, 2025. *Anderson v. Pennsylvania*, No. 24-6891, *Order* (U.S. June 23, 2025).

Petitioner now seeks to file a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his state convictions and sentence. To

effectuate his filing, Petitioner seeks appointment of counsel pursuant to *McFarland v. Scott*, 512 U.S. 849 (1994), and 18 U.S.C. § 3599(a)(2). Section 3599 provides, in relevant part,

> In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

18 U.S.C. § 3599(a)(2).

In *McFarland*, the United States Supreme Court held that "a 'post conviction proceeding' within the meaning of [§ 3599(a)(2)] is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding[,]" and that, as a result, a petitioner's statutory right to counsel includes the right to counsel before the filing of a formal federal habeas corpus petition. 512 U.S. at 856-57. Accordingly, once a capital defendant files a motion requesting appointment of counsel, as Petitioner has done here, he is afforded "a mandatory right to qualified legal counsel." *Id.* at 854. This right "necessarily includes a right for counsel meaningfully to research and present a defendant's habeas claims." *Id.* at 858. The Supreme Court has further cautioned that "[w]here this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1993)).

Petitioner is indigent (*see* Doc. 1-3), and the Office of the Federal Public Defender for the Middle District of Pennsylvania Capital Habeas Unit ("Middle District CHU") and Robert Dunham, Special Counsel to Phillips Black, Inc., have each demonstrated that they possess the special expertise in capital jurisprudence necessary to qualify for appointment as capital habeas counsel. (*See* Doc. 1 at 4–6). The Court will therefore grant Petitioner's motion to appoint the Middle District CHU as counsel and Robert Dunham, Esq., as co-counsel.

Separately, Petitioner does not request a scheduling order, but instead proposes that he be required to file a status report apprising the Court of the procedural posture of his state court proceedings within 180 days. (*See* Doc. 1-1, at 2.) The Court will adopt this proposal as modified herein.

**ACCORDINGLY, THIS** 28th **DAY OF AUGUST, 2025**, for the reasons set forth herein, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

2. The Federal Public Defender for the Middle District of Pennsylvania Capital Habeas Unit is **APPOINTED** to represent Petitioner Davone Anderson in the captioned action as counsel, and Robert Dunham, Esq., of Phillips Black, Inc., is **APPOINTED** as co-counsel. *See* 18 U.S.C. § 3599(a)(2).

3. Counsel for Petitioner **SHALL FILE** a status report apprising the Court of the procedural posture of Petitioner's state court proceedings and any other pertinent matters on or before **February 23, 2026**, and shall file a status report every **180 days thereafter**, until further order of the Court.

_____
Robert D. Mariani
United States District Judge